**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

————————————————

No. 26-1470

————————————————

HAW RIVER ASSEMBLY, ET AL.,
Petitioners,

v.

UNITED STATES ARMY CORPS OF ENGINEERS, ET AL.,
Respondents.

————————————————————————————————

On Petition for Review from the
United States Army Corps of Engineers'
Clean Water Act Section 404 Individual Permit,
SAW-2024-01961, NAO-2024-02627
(February 19, 2026)

————————————————————————————————

**TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC'S
<u>UNOPPOSED MOTION FOR LEAVE TO INTERVENE AS RESPONDENT</u>**

Pursuant to Rules 15(d) and 27 of the Federal Rules of Appellate Procedure,

Transcontinental Gas Pipe Line Company, LLC ("Transco"), by counsel, hereby

moves for leave to intervene as Respondent and to file a separate brief in the above-

captioned case.

## I.  <u>INTRODUCTION</u>

In this proceeding challenging a permit authorizing Transco's project and

implicating Transco's economic interests, Transco satisfies the requirements both

for intervention of right and permissive intervention under Rule 24 of the Federal

1

Rules of Civil Procedure, so this Court should grant Transco's motion to intervene under Rule 15(d) of the Federal Rules of Appellate Procedure.

On February 19, 2026, the Wilmington and Norfolk Districts of the U.S. Army Corps of Engineers (the "Corps") issued an individual Department of the Army permit authorizing impacts to jurisdictional waters associated with construction of components of Transco's Southeast Supply Enhancement Project ("Transco's Project") pursuant to Clean Water Act ("CWA") Section 404 (the "404 Permit"). On April 20, 2026, Petitioners filed a petition for review of the Corps' 404 Permit in this Court.

Transco moves to intervene because it has significant interests that could be adversely affected by this Court's resolution of the petition. Neither Petitioners nor the Corps will adequately protect Transco's interests. Counsel for Transco has conferred with counsel for Petitioners and counsel for the Corps and its officials regarding this motion. No party opposes Transco's intervention.

## II.  FACTUAL BACKGROUND

Petitioners seek review of the Corps' decision to authorize Transco's Project under section 404 of the CWA. The 404 Permit is one of several governmental authorizations issued to Transco for the construction of Transco's Project—a $1.5 billion project consisting of approximately 55.3 miles of interstate natural gas

2

pipeline and related facilities in Virginia and North Carolina for the provision of timely and affordable access to natural gas in the Southeast region.

Various aspects of Transco's Project are subject to several federal environmental laws. Significantly here, CWA section 404 requires the Secretary of the Army, acting through the Corps, to authorize any project-related activities that may require discharging dredged or fill material into the waters of the United States. *See* 33 U.S.C. § 1344(a).

Transco requested authorization from the Norfolk and Wilmington Districts of the Corps to discharge dredged and/or fill material under section 404. On February 19, 2026, the Districts issued the 404 Permit authorizing the temporary discharge of dredged and/or fill material within 2.16 acres (15,037 linear feet) of stream channel, 24.09 acres of wetlands, and 0.95 acres of open waters, as well as the permanent conversion of 2.425 acres of forested and scrub-shrub wetlands to emergent wetlands.

The Petitioners filed their petition for review of the 404 Permit in this Court on April 20, 2026.

### III. ARGUMENT

Rule 15(d) requires a party moving for intervention in the review or enforcement of an agency order to provide "a concise statement" of its interest and "the grounds for intervention." Fed. R. App. P. 15(d). Rule 15(d) does not provide

a standard for intervention "so appellate courts have turned to the rules governing intervention in the district courts under Fed. R. Civ. P. 24." *Sierra Club, Inc. v. EPA*, 358 F.3d 516, 517–18 (7th Cir. 2004); *see also Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. AFL-CIO, Local 283 v. Scofield*, 382 U.S. 205, 217 n.10 (1965);

### 1. Transco has a right to intervene.

Under Rule 24, a movant has a right to intervene if (1) its motion is timely; (2) the movant has an interest in the litigation; (3) the litigation may impair or impede the movant's ability to protect its interest; and (4) the litigation's parties do not adequately represent the movant's interest. Fed. R. Civ. P. 24(a)(2); *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999). Transco satisfies all four requirements.

The timeliness of Transco's motion is indisputable. Transco filed this motion the same day as Petitioners' initiation of this proceeding. That is well within the 30-day filing requirement for intervention under Rule 15(d). Transco's prompt filing avoids prejudice to the other parties, which is the key factor in evaluating timeliness for intervention. *See Blue Water Baltimore v. Mayor & City Council of Baltimore*, 583 F. App'x 157, 158 (4th Cir. 2014).

Transco has two interests sufficient to justify intervention. First, Transco is the recipient of the 404 Permit. *See Ohio Valley Env't Coal., Inc. v. U.S. Army Corps*

4

*of Eng'rs*, No. CIV.A. 2:12-6689, 2014 WL 4102478, at *1 (S.D.W.Va. Aug. 18, 2014) (observing that the intervenor "applied for and received the permit" at issue). Second, Transco has a substantial financial interest in Transco's billion-dollar Project, which relies on the 404 Permit. Thus, Transco "stand[s] to gain or lose by the direct legal operation of" the Court's decision, *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991), and this "threat of economic injury" (on a project in which Transco has invested more than a billion dollars) is sufficient to justify intervention, *JLS, Inc. v. Pub. Serv. Comm'n of W. Va*, 321 F. App'x 286, 290 (4th Cir. 2009) (quotation omitted); *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986) (concluding that economic interests of an insurance company in the form of unforeseen "damages, attorneys' fees and other litigation expenses," based on the company's reliance on challenged statute in setting its rates, satisfied this element of Federal Rule of Civil Procedure 24(a)(2)).

This litigation may impair or impede Transco's interests in two ways. First, Petitioners are seeking to invalidate the 404 Permit issued to Transco for its Project and without which Transco's Project cannot proceed. *See Ohio Valley Env't Coal., Inc. v. U.S. Army Corps of Eng'rs*, 828 F.3d 316, 321 (4th Cir. 2016) (observing that a permitee "intervened to protect its interest in the permit's continued validity"). Second, Petitioners are seeking a disposition with respect to the 404 Permit that could create adverse precedent for Transco's Project. *See United States v. S. Fla.*

5

*Water Mgmt. Dist.*, 922 F.2d 704, 709 (11th Cir. 1991); *U.S. ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1396 (9th Cir. 1992); *Atlantis Dev. Corp. v. United States*, 379 F.2d 818, 829 (5th Cir. 1967).

The parties to this review proceeding do not adequately represent Transco's interests. To meet its burden of establishing inadequate representation, the intervenor "need only show that representation of [its] interest 'may be' inadequate, not that representation will in fact be inadequate"; in other words, the burden "is not onerous." *Dimond*, 792 F.2d at 192 (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). Clearly the Petitioners do not adequately represent Transco's interests — they generally oppose Transco's Project and specifically seek to invalidate the Corps' authorization. The Corps also does not adequately represent Transco's interests. Courts frequently recognize that governmental agencies do not adequately represent the interests of private intervenors, even if the intervenor would seek to defend the agency's action. *See Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1259 (11th Cir. 2002); *Sierra Club v. Espy*, 18 F.3d 1202, 1207–08 (5th Cir. 1994). Further, a government agency might choose litigation strategies, such as agreeing to settle or choosing not to appeal an adverse ruling in this Court, that conflict with a regulated party's interests. *See JLS, Inc.*, 321 F. App'x at 290–91 ("[I]f Movants' intervention is denied, [the state agency] could settle this case in a manner that could harm Movants' interests."). Absent intervention, the regulated

6

party can lose the opportunity to actively pursue the litigation in the manner that best serves its interests. *Feller v. Brock*, 802 F.2d 722, 730 (4th Cir. 1986) (favoring intervention over participation as amicus curiae because "[a]micus participants are not able to make motions or to appeal"). Finally, the Corps may be unwilling to make arguments that Transco would present, such as the limits of an agency's statutory or regulatory authority. *See JLS, Inc.*, 321 F. App'x at 291 ("Movants have also advanced some significant legal points that [the state agency] did not present.").

## 2. Separately, permissive intervention is warranted.

Rule 24's permissive intervention also supports Transco's motion. Permissive intervention is appropriate where the motion (1) is timely; (2) reflects a claim or defense with a question of law or fact in common with the main action; and (3) will not prejudice the rights of the original parties or cause undue delay. Fed. R. Civ. P. 24(b); *In re Sierra Club*, 945 F.2d 776, 779 (4th Cir. 1991). Transco satisfies all three requirements. Transco's motion is timely because it is filed within the 30-day filing requirement for intervention under Federal Rule of Appellate Procedure 15(d). Further, the review petition's purpose is to challenge the 404 Permit, and Transco aims to defend that permit vigorously. Finally, Transco's prompt filing avoids prejudice to the other parties because, if granted, Transco will participate on the same briefing and oral argument schedule as the Corps.

## IV.  CONCLUSION

Transco satisfies the requirements for intervention of right and permissive intervention under Rule 24 of the Federal Rules of Civil Procedure.  Transco has stated its interest and demonstrated its grounds for intervention as required by Rule 15(d) of the Federal Rules of Appellate Procedure.  For these reasons, Transco respectfully requests that it be granted leave to intervene as a respondent and to file a separate merits brief.

Dated: April 20, 2026

Respectfully Submitted,

/s/ George P. Sibley, III

George P. Sibley, III
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
(804) 788-8200
gsibley@Hunton.com

Brian R. Levey
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, N.W.
Washington, DC 20037
(202) 955-1500
blevey@Hunton.com

8

Samuel B. Hartzell
WOMBLE BOND DICKINSON, LLP
555 Fayetteville Street
Suite 1100
Raleigh, NC, US 27601
(919) 755-2112
sam.hartzell@wbd-us.com

Ronald R. Davis
WOMBLE BOND DICKINSON, LLP
1 West Fourth Street
Suite 1200
Winston- Salem NC US 27101
(336) 721-3771
Ronald.Davis@wbd-us.com

*Counsel for Movant Intervenor-Respondent Transcontinental Gas Pipe Line Company, LLC*

9

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this motion complies with the type-face requirements of Fed. R. App. P. 32(a)(5) and the type-volume limitations of Fed. R. App. P. 27(d)(2)(A).  This motion contains 1549 words, excluding the parts of the motion excluded by Fed. R. App. P. 27(d)(2) and 32(f).

/s/ George P. Sibley, III

*Counsel for Transcontinental Gas Pipe Line Company, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2026, I electronically filed the foregoing **Transcontinental Gas Pipe Line Company, LLC Motion for Leave to Intervene as Respondent** with the Clerk of Court using the CM/ECF System which will automatically send e-mail notification of such filing to all counsel of record.

/s/ George P. Sibley, III

*Counsel for Transcontinental Gas Pipe Line Company, LLC*