FILED: May 18, 2026

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

No. 26-1470
(CP25-10-000)

───────────────

HAW RIVER ASSEMBLY; 7 DIRECTIONS OF SERVICE; SIERRA CLUB; APPALACHIAN VOICES; WILD VIRGINIA,

Petitioners,

v.

UNITED STATES ARMY CORPS OF ENGINEERS; DANIEL P. DRISCOLL, in his official capacity as Secretary of the U.S. Army; LIEUTENANT GENERAL WILLIAM H. GRAHAM, JR., in his official capacity as U.S. Army Chief of Engineers and Commanding General of the U.S. Army Corps of Engineers; COLONEL BRAD MORGAN, in his official capacity as District Commander of the U.S. Army Corps of Engineers, Wilmington District; COLONEL SONNY B. AVICHAL, in his official capacity as District Commander of the U.S. Army Corps of Engineers, Norfolk District; TOMMY FENNEL, in his official capacity Chief, Regulatory Division, U.S. Army Corps of Engineers, Wilmington District; KIMBERLY PRISCO-BAGGETT, in her official capacity as Acting Chief, Regulatory Division, U.S. Army Corps of Engineers, Norfolk District,

Respondents,

and

TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC; DUKE ENERGY CAROLINAS, LLC; DUKE ENERGY PROGRESS, LLC,

Intervenors – Respondents.

───────────────

ORDER

───────────────

In February 2026, the United States Army Corps of Engineers issued Transcontinental Gas Pipe Line Company, LLC a Clean Water Act section 404 permit for its proposed Southeast Supply Enhancement Project. The project required trenching through streams and wetlands in Virginia and North Carolina, so the Company had to (and did) complete a lengthy administrative process to begin construction.

The Company began construction on the project in early March. A coalition of environmental groups, several of whom had submitted public comments to the Corps about the project during the permitting process, filed motions for a temporary administrative stay and a stay pending appeal on April 22. We denied the temporary stay motion and heard argument on the stay pending appeal motion. We now deny that motion too.

## I.

"In determining whether to grant a stay of an agency action, this court considers (1) 'whether the stay applicant has made a strong showing that he is likely to succeed on the merits'; (2) 'whether the applicant will be irreparably injured absent a stay'; (3) "whether issuance of the stay will substantially injure the other parties interested in the proceeding'; and (4) 'where the public interest lies.'" *Sierra Club v. U.S. Army Corps of Eng'rs,* 981 F.3d 251, 256 (4th Cir. 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)). The environmental-group Petitioners bear the burden of establishing the factors.

## II.

The merits turn on whether the Corps' issuance of the section 404 permit was arbitrary and capricious. Petitioners argue it was for two reasons. Neither persuades.

First, Petitioners contend that Transco failed to rebut the presumption that one of its chosen construction methods—the dry-ditch, open cut crossing—wasn't the least environmentally damaging practicable alternative ("LEDPA"). Because the Corps (according to Petitioners) issued the permit with the presumption unrebutted, and without having required Transco to make the LEDPA showing on a crossing-by-crossing basis, the agency acted arbitrarily and capriciously.

Second, Petitioners assert that the Corps didn't adequately assess the cumulative impacts to streams and wetlands as the relevant guidelines require so that too rendered the permitting decision arbitrary and capricious.

We disagree. At the outset, we note that the arbitrary-and-capricious standard "is highly deferential, with a presumption in favor of finding the agency action valid." *Ohio Valley Env't Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 192 (4th Cir. 2009). And our deference is at its zenith when the agency made "complex predictions based on special expertise." *Id.*

Here, Petitioners show no more than a disagreement with how the Corps evaluated the alternatives and cumulative evidence. Transco submitted alternatives analysis to the Corps on a crossing-by-crossing basis in the earlier stages of the administrative process. *See* Transco's Opp'n to Pet'rs Mot. for Stay Pending Appeal, Ex. 9, App. A. The Corps reviewed that and other analysis before requesting more information from Transco specifically on the alternative methods. Transco provided the requested information, and also responded to public comments about alternatives, which the Corps credited.

Petitioners want more but Transco (and the Corps) did enough.

3

The record likewise belies Petitioners' cumulative-impacts argument, over which the parties spill less ink. Here too Petitioners seek a more exhaustive catalogue of the project's cumulative environmental impacts. But the relevant guidelines don't demand exhaustion. Transco supplied—and the Corps analyzed—the project's cumulative impacts to the watersheds and streams based on time, geography, and other considerations. On that information, the Corps determined that the impacts were "not significant," but still required "[c]ompensatory mitigation . . . to offset the impacts of the proposed activity." Transco's Opp'n to Pet'rs Mot. for Stay Pending Appeal, Ex. 3 at 57. And indeed, Transco developed a Restoration Framework that includes "monitoring, restoration, and mitigation work" at the site. *Id.* at 7.

It's not our role to "scrutinize the agency's decision-making process to determine for ourselves the proper regulatory course." *Sanitary Bd. of City of Charleston v. Wheeler*, 918 F.3d 324, 333 (4th Cir. 2019). Rather, we "review the record to understand enough about the problem confronting the agency to assess its decision fairly." *Id.* (citation modified). We're satisfied at this preliminary stage that the Corps' permitting decision was neither arbitrary nor capricious.

## III.

Finally, the timing of Petitioners' stay motion cautions against granting relief. *See e.g.*, *Quince Orchard Valley Citizens Ass'n v. Hodel*, 872 F.2d 75, 80 (4th Cir. 1989). Construction on the project began in early March and has continued since then. On this record, we decline to hit pause.

4

* * *

We deny the motion for stay pending appeal.

Entered at the direction of Chief Judge Diaz, Judge Niemeyer, and Judge Quattlebaum.

FOR THE COURT

/s/Nwamaka Anowi, Clerk